IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| **JANE ROE,**<br><br>                **Plaintiff,**<br><br>v.<br><br>**ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI,**<br><br>                **Defendant.** | Civil Action No.: 1:25-cv-8157<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION SEEKING LEAVE TO PROCEED UNDER PSEUDONYM & RELATED PROTECTIVE ORDER |

Plaintiff Jane Roe ("Ms. Roe"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 5.2 and S.D.N.Y. L. Civ. R. 7, hereby files this memorandum of law in support of her motion seeking leave to proceed under a pseudonym and for a protective order precluding Defendant (and its agents, employees, and representatives) from disclosing her identity, through court filings or otherwise. Defendant did not provide its position despite Plaintiff seeking it through her counsel on September 23, September 29, and October 2, 2025.

### INTRODUCTION

Ms. Roe brings this action against Defendant Icahn School of Medicine at Mount Sinai (ISMMS) for its failure to issue a default dismissal against a male student (John Doe) who it found had committed a sexual assault against her on campus.[1] (Compl., ¶¶ 1–3.) ISMMS's Student Code of Conduct stated in relevant part that "sexual assault . . . will result in dismissal . . . *absent exceptional circumstances*." (Compl., ¶ 28 (citing Exhibit 1 (Code) at 3 (emphasis added)).

---

[1] Through an ancillary criminal process, as part of a plea deal, John Doe admitted in open court that he had sexually assaulted Jane Roe, which allowed him to avoid a charge of Sexual Abuse in the Third Degree upon completion of certain terms and conditions of that plea. (Compl., ¶ 8.)

1

Despite this, Defendant ISMMS did not dismiss Mr. Doe or cite exceptional circumstances to support the lesser, 20-month suspension for the sexual assault. (Compl., ¶ 3–5.) Defendant ISMMS issued this lesser sanction knowing that Jane Roe would have to complete her residency on campus, resulting in foreseeable interactions between herself and Mr. Doe. (Compl., ¶ 6.)

## **LEGAL STANDARD**

This Court should grant Plaintiff's motion seeking leave to proceed under the pseudonym "Jane Roe" to protect her privacy in this highly sensitive and personal matter. While Fed. R. Civ. P. 10(a) requires a complaint to name all the parties, "[c]ourts have nevertheless carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (*quoting Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (internal quotation marks omitted)). Courts apply a balancing test that weighs a party's privacy interest against the public interest, while also considering any prejudice to the defendant. *See Sealed Plaintiff*, 537 F.3d at 189. The Second Circuit has listed the following factors to aid in such a balancing test:

(1) whether the litigation is of a "highly sensitive and personal nature;"

(2) whether disclosure poses a "risk of retaliatory physical or mental harm" to anyone;

(3) whether disclosure poses other harms while considering the severity of the same;

(4) whether the plaintiff is "particularly vulnerable to the possible harms of disclosure;"

(5) whether the action challenges the government or private parties;

(6) whether the defendant would be prejudiced by the plaintiff using a pseudonym;

(7) whether the plaintiff's identity has been kept confidential;

(8) whether public interest is furthered by disclosure of plaintiff's identity;

(9) whether there is an atypically weak public interest in the identity of a plaintiff; and

(10) whether any alternatives can protect the plaintiff's confidentiality.

537 F.3d at 190. These factors are not exhaustive. *Id.* at 189. Notably, courts do not have to "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191, n. 4. In granting her leave to proceed under a pseudonym, this Court should consider the factors in her favor, which are listed below.

## ARGUMENT

### I. This is a highly sensitive and personal matter (Factor #1)

This action arises out of an on-campus sexual assault that a male student committed against Plaintiff, making this a highly sensitive and personal matter for her. Courts in this federal district have routinely found that sexual assault cases are highly sensitive and personal matters that may warrant the use of a pseudonym, as a general matter. *See, e.g., Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) (requiring a case-by-case determination regardless); *Doe v. Weinstein*, 484 F. Supp. 3d. 90, 94 (S.D.N.Y. 2020) (denying a pseudonym motion on other grounds). Indeed, such courts have routinely granted pseudonyms for accused perpetrators in such cases. *See, e.g., Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Colgate Univ.*, No. 15-cv-1069, 2016 WL 1448829, *2 (N.D.N.Y. Apr. 12, 2016); *Doe v. Univ. of Scis.*, No. 19-cv-00358, 201 WL 632022, at *1 (E.D. Pa. Feb. 14, 2019) (granting a pseudonym without formal motion practice); *Doe v. Icahn Sch. of Med. at Mount Sinai*, Case No. 1:24-cv-00344 (S.D.N.Y. 2024) (ECF No. 15). As well-stated by this Court, victims too should be granted leave to proceed by pseudonym:

> Historically, an exaggerated concern for female chastity and a regrettable inclination to blame the victim for sexual assaults, along with society's general respect for sexual privacy, have resulted in an atmosphere in which victims of sexual assault may experience shame or damage to reputation. It would be callous to pretend that this atmosphere has entirely dissipated, or to insist that

>victims of such assault lack privacy interests because most people today understand that the attacker, not the victim, should be stigmatized and ashamed.

*Del Rio*, 241 F.R.D. at 159. Given the highly personal and sensitive nature of this case, this Court should grant Plaintiff leave to proceed under a pseudonym and issue a protective order.

## II. Plaintiff is at risk of retaliation and other harms (Factors #2-3)

Plaintiff is a medical resident treating members of the public, placing her at general risk of retaliation and harassment for speaking out against Defendant ISMMS. "Many courts have held that, in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm." *E.W. v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). Indeed, for such reasons, federal courts have systemically protected the privacy of accused male students during litigation. *See, e.g., Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Icahn Sch. of Med. at Mount Sinai*, Case No. 1:24-cv-00344 (S.D.N.Y. 2024) (ECF No. 15); *Doe v. Colgate Univ.*, No. 15-cv-1069, 2016 WL 1448829, *2 (N.D.N.Y. Apr. 12, 2016); *Doe v. Univ. of Scis.*, No. 19-cv-00358, 201 WL 632022, at *1 (E.D. Pa. Feb. 14, 2019) (granting a pseudonym without a formal motion practice). Additionally, as a student-turned-resident, Plaintiff is actively attending ISMMS, where John Doe is completing his medical education. This ongoing proximity to her assailant leaves her at risk of retaliation and harm, not just by him, but by his potential supporters. Additionally, Plaintiff is actively seeking employment after completing her residency. One such application already required a background and social media check on her. Given this scrutiny, potential employers may discriminate against her for speaking out against ISMMS, especially since Mount Sinai has several affiliations in the New York City area. To avoid the potential hypocrisy of protecting offenders and not victims, and to mitigate the known risk of

discrimination and retaliation against sexual assault victims who speak out, this Court should grant Plaintiff leave to proceed under a pseudonym and issue a protective order.

### III. Plaintiff is particularly vulnerable to other harms (Factor #4)

Plaintiff has already suffered harm from the sexual assault and would suffer additional harm from the disclosure of her name or other personal identifying information in this litigation. Courts have found heightened vulnerabilities for sexual assault survivors to warrant privacy protections, such as a pseudonym and protective order, upon "evidence of real (and not conclusory) harm." *Doe 1 v. Branca USA, Inc.*, 22-cv-3806, 2022 WL 2713543, *2 (S.D.N.Y. July 13, 2022) (citing cases). In support of this factor, Plaintiff provides this Court with a declaration from her longtime counselor citing how the potential disclosure of her name would exacerbate her existing depression, anxiety, and Post-Traumatic Stress Disorder (PTSD) symptoms. *See* Exhibit 1 (Declaration). Based on the foregoing, Plaintiff requests that this Court grant her leave to file under a pseudonym and receive related protections for her personal identifying information.

### IV. The action does not challenge the government (Factor #5)

Plaintiff is not challenging the government, only the private party, Defendant ISMMS.

### V. Defendant would not be prejudiced (Factor #6)

Defendant ISMMS will not suffer prejudice from Plaintiff proceeding under a pseudonym, as it confidentially handled her on-campus sexual assault and therefore knows her identity and that of John Doe. That said, Plaintiff is prepared to provide a statement of her true identity under seal upon the Court's request. Unless Defendant ISMMS opposes this motion, it cannot argue any prejudice. *Doe 1 v. Branca USA, Inc.*, 22-cv-3806, 2022 WL 2713543, *4 (S.D.N.Y. July 13, 2022) (finding a lack of prejudice in such a case). As such, due to the lack of any prejudice,

Plaintiff requests that this Court grant her leave to proceed under a pseudonym and for a related protective order.

## VI. Due to her student status, Plaintiff's name has been kept confidential (Factor #7)

This Court should grant Plaintiff leave to proceed under a pseudonym since her name has been kept confidential as a student-victim of a campus-based sexual assault, as is her right under applicable state and federal law and regulation. Specifically, the Family Educational Rights and Privacy Act (FERPA) protects her against the unauthorized disclosure of her name and other personal identifying information. 20 U.S.C. § 1232g(b)(1). Relatedly, Title IX, the federal civil right that requires educational institutions to address on-campus sexual assaults, 34 C.F.R. § 106.8(c) (2020), also requires the names of students involved either as parties or witnesses to be kept confidential, 34 C.F.R. § 106.71(a) (2020). New York State law even imposes "presumptive confidentiality" for students identified in litigation arising out of campus sexual assault. *See* N.Y. Educ. § 6448. In addition to these protections, Plaintiff has not engaged in any media, advocacy, or other public forum that identifies her. *Cf. Weinstein*, 484 F. Supp. 3d at 97 (finding a plaintiff's engagement in public advocacy weighed against granting her a pseudonym). At the time of the campus sexual assault, Plaintiff was a medical student (Compl., ¶ 1), and she is now a medical resident finishing her medical education within ISMMS (Compl., ¶ 6). Given her privacy rights as a student and employee, this Court should grant her leave to use a pseudonym and a related protective order to ensure the ongoing confidentiality of her personal identifying information.

## VII. Plaintiff's privacy interest outweighs the public interest (Factors #8-9)

The public interest is not furthered by disclosing Plaintiff's identity. Indeed, there is no public interest in disclosing Plaintiff's identity as she is not a public figure and has not engaged in

any public advocacy. *See Weinstein*, 484 F. Supp. 3d at 95 (weighing factors against a pseudonym for a plaintiff engaging in public advocacy). As well said by the Fifth Circuit:

> The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical. The public right to scrutinize governmental functioning is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself. Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name.

*Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspaper Inc., v. Va.*, 448 U.S. 555, 574 (1980)); accord *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001). To the contrary, disclosing her identity may chill other survivors from reporting sexual assaults or proceeding in related litigation, counter to public policy. *See, e.g., Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) ("[T]he public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights"). As such, this Court should grant her leave to proceed under a pseudonym and issue a related protective order.

**VIII. There are no alternatives to protect Plaintiff's confidentiality (Factor #10)**

This Court granting Plaintiff a pseudonym is the only way her confidentiality can be preserved, as this Complaint requires her to identify her school and workplace as a medical resident to elucidate the relevant damages. Alternatives, like protective orders and redactions, will not sufficiently protect her—a private citizen—from members of ISMMS, other Mount Sinai facilities, or the public generally from approaching her at school or work about this highly personal and sensitive matter. *Cf. Weinstein*, 484 F. Supp. 3d at 97–98 (finding public figures have less privacy and sufficient protections from protective orders and redactions). As such, this Court should ensure her privacy while she completes her medical education.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court enter an Order granting her leave to proceed under the pseudonym "Jane Roe," along with any additional relief the Court may deem just and proper.

The 2nd day of October 2025.

BAILEY DUQUETTE P.C.
*Attorneys for Plaintiff*

_____
Laura L. Dunn, Esq. (Bar No. 5990270)
104 Charlton Street, Suite 1-W
New York, NY 10014-3693
212-658-1946, ext. 226
Laura@BaileyDuquette.com