■

## BAILEY DUQUETTE

December 3, 2025

**_Submitted via ECF & Electronic mail_**
ALCarterNYSDChambers@nysd.uscourts.gov

Hon. Andrew L. Carter, Jr.
Southern District of New York
40 Foley Square
New York, NY 10007

> **RE:** **_Roe v. Icahn School of Medicine at Mt. Sinai_, Case 1:25-cv-08157**
> **Response to Defendant's Letter Requesting a Pre-Motion Conference**

Dear Judge Carter:

Plaintiff Jane Roe ("Plaintiff" and "Ms. Roe") responds to the letter filed by Defendant Icahn School of Medicine at Mount Sinai ("Defendant" or "ISMMS"), requesting a pre-motion conference on its anticipated motion to dismiss under Fed. R. Civ. P. 12(b)(6). Defendant has insufficient grounds to support a Rule 12(b)(6) motion, as Plaintiff has sufficiently pleaded her claims.

### I. Applicable Legal Standard

To muddy the waters, Defendant's summary includes allegations beyond the Complaint. Indeed, many characterizations seem directly taken from John Doe's litigation against ISMMS.[1] They are not relevant to this Court's analysis of the sufficiency of Plaintiff's Complaint, whose non-conclusory allegations must be accepted as true. _Global Network Commc'ns Inc. v. City of New York_, 458 F.3d 150, 155 (2d Cir. 2006) ("Rule [12(b)(6)] . . . assesses the legal feasibility of the complaint but does not weigh the evidence that might be offered to support it."). Worse, these allegations seek to minimize the harm inflicted upon Ms. Roe.[2] Rule 12(b)(6) motions are bound to the allegations in the pleadings, such that this Court must exclude Defendant's added factual allegations.[3] _C.f. Goel v. Bunge, Ltd._, 820 F.3d 554, 559 (2d Cir. 2016) (_citing Concord Assocs., L.P. v. Entm't Props. Tr._, 817 F.3d 46, 51 n. 2 (2d Cir. 2016)).

### II. Argument

#### A. Federal Law Claims

---

[1] _See_ Defendant's letter, n. 1. [Dkt No. 15.]
[2] Defendant's letter ignores the _repeated_ sexual assaults John Doe committed against Ms. Roe, which started when she had been asleep and therefore unable to consent. (Compl. ¶¶ 1, 123.)
[3] Plaintiff's reference to documentation and limited quotations thereof in her Complaint does not justify Defendant adding its own factual allegations to support a Rule 12(b)(6) motion. _Accord Goel_, 820 F.3d at 559 (_citing Global Network Commc'ns Inc._, 458 F.3d at 155 (citing cases)).

Plaintiff's Response to Defendant's Letter
December 3, 2025
Page 2

First, Ms. Roe adequately alleges an inference of gender discrimination under Title IX. The "minimal-plausible-inference-of-discrimination standard is low." *Roe v. St. John's Univ.*, 92 F.4th 643, 652 (internal quotations omitted). While Defendant claims ISMMS's reasoning for imposing a lesser sanction—"to ensure [John Doe] could return and complete his medical degree" —contradicts the allegations of gender discrimination, the inference is that he was allowed to do so ISMMS prioritized the needs of its male student over its female student. Indeed, Ms. Roe alleges that ISMMS failed to consider her Title IX right to equal educational access free from a hostile environment when determining John Doe's sanction.[4] (Compl., ¶ 50.) She also alleges that ISMMS left her subject to a hostile environment during her ongoing medical residency.[5] (Compl., ¶¶ 51–57.) Selectively considering John Doe's ongoing educational access (Compl., ¶ 66) rather than ensuring hers (Compl., ¶ 50) shows differential treatment based on sex.

Second, even if Title IX erroneous outcome and Title IX selective enforcement claims are typically employed by male perpetrators and not female victims does not mean that such claims are not viable. ISMMS uniquely limited its disciplinary discretion for sexual assaults to "dismissal . . . absent exceptional circumstances," thus entitling Ms. Roe to the application of this standard during her Title IX case. (Compl., ¶ 28.) ISMMS then documented its refusal to apply this standard by falsely claiming it did not need to do so. (Compl., ¶¶ 15–36, 39.) As such, Ms. Roe has sufficiently pleaded factual allegations supporting her claim this resulted in a process biased against her.

Third, Ms. Roe need not raise a Title IX deliberate indifference claim because she alleges Defendant intentionally discriminated against her. "The Supreme Court has repeatedly explained that where the Title IX violation in question is caused by an institution's discriminatory policy or custom, courts need not apply the actual notice and deliberate indifference framework typically used in cases involving institutional liability for sexual harassment or assault." *Cf. Doe 1 v. Baylor Univ.*, 240 F.Supp.3d 646, 661 (W.D. Tex. 2017) (*citing Gebser v. Lago Vista Independ. Sch. Dist.*, 425 U.S. 274, 290 (1998)). ISMMS had a default sanction of dismissal for sexual assaults. (Compl., ¶¶ 15–33.) However, after ISMMS found John Doe had sexually assaulted Ms. Roe, it refused to consider the default sanction. (Compl., ¶¶ 34–38.) In the Complaint, Ms. Roe pleaded:

> Despite its self-imposed mandate to dismiss students for sexual assault under the Student Code of Conduct, ISMMS claimed that its Sexual Misconduct Policy, which addressed all forms of sexual misconduct, *had not adopted this default sanction for sexual assault*.

(Compl., ¶ 39 (emphasis added).) Defendant ignores this key pleading, which is sufficient to sustain her Title IX sex discrimination claim. ISMMS's intentional refusal to apply its applicable default sanction, or related procedures for deviation therefrom, is official discrimination warranting liability.

---

[4] Title IX obligates federally funded educational programs and activities to ensure the ongoing educational access of victims (not offenders). 20 U.S.C. ¶ 1681(a); *see also Cannon v. Univ. of Chicago*, 441 U.S. 677, 691 (1979) (noting Title IX's "unmistakable focus on the benefited class").
[5] *See Weckhorst v. Kansas State Univ.*, 241 F.Supp.3d 1154, 1175 (2017) (finding Title IX liability where a federally funded educational program left a victim vulnerable to ongoing harassment).

Plaintiff's Response to Defendant's Letter
December 3, 2025
Page 3

### B. State Law Claims

Defendant claims this Court cannot exercise supplemental jurisdiction over Ms. Roe's state law claims "like the overwhelming majority of district courts" by incorrectly characterizing these claims as falling under Article 78. Tellingly, they cite no cases in support. Here, Ms. Roe seeks monetary relief, not seek a reversal of an administrative body's determination, meaning her state law claims may proceed in federal court. *See, e.g., Gally v. Columbia Univ.,* 22 F.Supp. 2d 199, 205 (S.D.N.Y. 1998) ("[P]laintiff seeks neither to compel nor to prohibit any action by defendants. Instead, plaintiff seeks monetary damages for injuries allegedly suffered as a result of defendants' breach of its contractual obligations. As such, plaintiff's action . . . will not be converted to an Article 78 proceeding, and is not time-barred."); *Rolph v. Hobart and William Smith Colleges,* 271 F.Supp. 3d 386, 405 (W.D.N.Y.) ("[T]he Court construes Plaintiff's state law claims as seeking only monetary damages and, thus, rejects HWS's argument that the state law claims should have been brought in an Article 78 proceeding."); *see also N.Y. Alpha of Phi Kappa Psi Assoc., Inc. v. Cornell Univ.,* 223 N.Y.S.3d 740 (N.Y.Sup.Ct. 2024) (declining to apply Article 78 because, "[w]hile plaintiff's claim is certainly *tied* to the decision to permanently revoke plaintiff's recognition, it is not a challenge thereto.") (Emphasis in the original). Similarly, because this action is not an Article 78 proceeding and thus properly before this Court, her claims are not time-barred. *Gally,* 22 F.Supp. 2d at 205.

Furthermore, as detailed *supra,* Ms. Roe has sufficiently pleaded sex-based discrimination in violation of the New York City Human Rights Law and New York State Human Rights Law based on Defendant's differential treatment by considering only John Doe's ongoing educational access (Compl., ¶ 66) rather than hers, counter to its default sanction of dismissal for sexual assaults (Compl., ¶¶ 15–36, 39).

Finally, Defendant makes the conclusory claim that Plaintiff has failed to plead various elements of her state law claims, without identifying any such elements. Ms. Roe has adequately pleaded her claims. To the extent Defendant successfully raises any such pleading deficiencies in its anticipated motion, this Court should allow Ms. Roe leave to replead due to Defendant's failure to raise such issues in its pre-motion letter, as required by Your Honor's Individual Practices.

### III.   Conclusion

Counter to Defendant's contentions, Ms. Roe is not asking this Court to supplant ISMMS's sanction, thus triggering Article 78. Instead, she is seeking to hold Defendant liable under Title IX and related state law claims for its own discriminatory and tortious conduct in refusing to apply its default sanction policy to her sexual assault case. For this, she seeks to hold Defendant liable for needlessly subjecting her to an ongoing hostile environment, impeding her right to equal educational access as she completes her medical residency on the same campus as John Doe. As Ms. Roe has sufficiently pleaded claims, this Court should allow her to proceed with this litigation.

Plaintiff's Response to Defendant's Letter
December 3, 2025
Page 4

Sincerely,

Laura L. Dunn, Esq.
Laura@BaileyDuquette.com
646-864-6506 (cell)

Upon consideration of Defendant's Letter for a Pre-Motion Conference concerning its anticipated motion to dismiss (Dkt. Nos. 14-15), and Plaintiff's response thereto (Dkt. No. 17) , the Court hereby **DENIES** Defendant's request for a pre-motion conference and sets the following briefing schedule:

- Defendant's Motion to Dismiss is due by **January 6, 2025**
- Plaintiff's Response, if any, is due by **January 20, 2025**
- Defendant's Reply, if any, is due by **January 27, 2025**

The Clerk of Court is respectfully directed to terminate the pending motions at Dkt. Nos. 14-15.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

December 9, 2025