**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X

JANE ROE,

Plaintiff,

vs.

ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI,

Defendant.

---------------------------------------------------------- X

Case No.: 1:25-cv-8157 (ALC)

ECF case electronically filed

**ORAL ARGUMENT REQUESTED**

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

Jeffrey P. Metzler
Max A. Winograd
31 West 52nd Street
New York, NY 10019-6131
Phone: 212.858.1000
Fax: 212.858.1500
jeffrey.metzler@pillsburylaw.com
max.winograd@pillsburylaw.com

*Attorneys for Defendant*

Dated: New York, New York
January 27, 2026

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT.......... 1

I. PLAINTIFF'S TITLE IX CLAIMS SHOULD BE DISMISSED.......... 3

A. Plaintiff Fails to State a Claim for Hostile Environment.......... 3

B. The Complaint Fails to Raise a Plausible Inference of Sex Discrimination.......... 4

C. Plaintiff's Semantic Distinction Between "Exceptional Circumstances" and "*Ad Hoc* Factors" Is Not Grounds for A Sex Discrimination Claim.......... 6

II. PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED.......... 7

A. Plaintiff's State Law Claims Are Time-Barred.......... 7

B. Plaintiff Ignores the Deficiencies in Her Other State Law Claims.......... 8

III. LEAVE TO AMEND SHOULD BE DENIED.......... 10

CONCLUSION.......... 10

# TABLE OF AUTHORITIES

Page(s)

Cases

Doe 1 v. Baylor Univ.,
240 F. Supp. 3d 646 (W.D. Tex. 2017)....................3

Doe v. New York Univ.,
438 F. Supp. 3d 172 (S.D.N.Y. 2020) (Carter, J.) ....................10

Doe v. New York Univ.,
No. 20-cv-1343, 2023 WL 5293688 (S.D.N.Y. Aug. 17, 2023), aff'd, 2024 WL 4834965 (2d Cir. Nov. 20, 2024)....................8

Doe v. Samford Univ.,
29 F.4th 675 (11th Cir. 2022) ....................5

Doe v. Stonehill Coll., Inc.,
55 F.4th 302 (1st Cir. 2022)....................5

Doe v. Syracuse Univ.,
2023 WL 7391653 (2d Cir. Nov. 8, 2023)....................3

Grillo v. N.Y. City Transit Auth.,
291 F.3d 231 (2d Cir. 2002)....................6

Hunley v. DTLR Villa, Inc.,
602 F. Supp. 3d 424 (W.D.N.Y. 2022) ....................10

Davis ex. rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.,
526 U.S. 629 (1999)....................3, 4

Ochei v. Mary Manning Walsh Nursing Home Co.,
2011 WL 744738 (S.D.N.Y. Mar. 1, 2011) ....................5, 6

Roe v. Pa. State Univ.,
2019 WL 652527 (E.D. Pa. Feb. 15, 2019) ....................6

Roe v. St. John's Univ.,
91 F.4th 643 (2d Cir. 2024) ....................1, 3, 5, 6

Sarr v. BEF Foods, Inc.,
No. 18-cv-6409, 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ....................9

Zeno v. Pine Plains Cent. Sch. Dist.,
702 F.3d 655 (2d Cir. 2012)....................3, 4

## Statutes and Codes

New York General Business Law
Section 349 .......... 9
Section 350 .......... 9

## Rules and Regulations

Individual Practices of Hon. Andrew L. Carter, Section 2(D)(ii) .......... 10

## PRELIMINARY STATEMENT

Plaintiff's Opposition Brief ("Opp.") confirms that this Court should dismiss her sex discrimination claims for at least three independent reasons.

First, Plaintiff concedes that Title IX "generally prohibits victims from demanding a particular Title IX remedy," Opp. at 4, and that she has not adequately pled deliberate indifference, id. at 5 n.8. But as Mount Sinai demonstrated in its Opening Brief[1] ("Br."), deliberate indifference is an essential element of a Title IX claim against a school for peer-on-peer sexual harassment absent a facially discriminatory policy or custom, which Plaintiff also fails to plead. Br. at 12-13. Plaintiff's assertion that "this case is unique," Opp. at 4, is simply another way of conceding that there is no supporting caselaw for her claims.

Second, Plaintiff fails to identify any allegations that give rise to a plausible inference that Mount Sinai discriminated against her because of sex. Indeed, Plaintiff seems to fundamentally misunderstand the nature of a Title IX claim, doubling down on her assertion that the "real reason" Mount Sinai did not expel John was to allow him to complete his medical degree. Complaint ¶ 66; see Opp. at 9 n.10 ("Whether ISMMS only did this to Ms. Roe or to male students bringing sexual assault claims against a female student (a statistically rare occurrence) would not change the sufficiency of her discriminatory intent evidence . . . ."). This assertion fatally undermines her Complaint because even if true, a pro-respondent or pro-matriculation bias does not state a claim under Title IX; Plaintiff must plead "sufficient facts to support a plausible inference that [any procedural] irregularities are attributable to *sex bias*." See Roe v. St. John's Univ., 91 F.4th 643, 654 (2d Cir. 2024) (emphasis added) (citation omitted).

[1] Capitalized terms not defined herein have their meaning as in Defendant's Opening Brief.

Third, Plaintiff does not even identify a legitimate procedural error. The only alleged error Jane cites is based on a single sentence in the School's Code of Conduct, which states that various infractions, including sexual assault, "will result in dismissal from the School of Medicine absent exceptional circumstances." See Complaint Ex. 1 at 4. However, Plaintiff admits (as she must) that Mount Sinai articulated the circumstances that led the School to suspend John for 20 months rather than expel him. Opp. at 7-8 (citing *inter alia* Def. MTD[2] Exs. A & B).[3] Plaintiff's argument that the School's reasons were "ad hoc" factors rather than "exceptional circumstances," is a distinction without a difference, and it falls well short of the type of procedural errors that courts have recognized as giving rise to a plausible inference of sex discrimination.

Plaintiff's opposition also confirms that her state law claims should be dismissed. She admits attempting to evade Article 78's four-month statute of limitations by styling her Complaint as a claim for damages, but its core is unquestionably a challenge to Mount Sinai's disciplinary decision not to expel John—a challenge that under New York law must be brought through an Article 78 proceeding. Moreover, Plaintiff's opposition largely just recites the elements of her state law claims in conclusory fashion and fails to meaningfully rebut the substantive arguments Mount Sinai made in its Opening Brief.

---

[2] As defined in Plaintiff's Opposition. See Opp. at 1.
[3] Plaintiff effectively concedes that the Hearing Decision and Appeals Decision, Exhibits A and B to the Defendant's Motion to Dismiss, are incorporated by reference in her Complaint as she repeatedly cites these documents in her Opposition Brief.

# I. PLAINTIFF'S TITLE IX CLAIMS SHOULD BE DISMISSED

## A. Plaintiff Fails to State a Claim for Hostile Environment

Plaintiff's opposition fails to distinguish precedent holding that, in cases involving peer-on-peer sexual harassment, schools "are properly held liable in damages only where they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." Doe v. Syracuse Univ., 2023 WL 7391653, at *1 (2d Cir. Nov. 8, 2023) (quoting Davis ex. rel. LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 650 (1999)); accord St. John's Univ., 91 F.4th at 661. Nor does Plaintiff dispute that "when weighing on the adequacy of a response, a court must accord sufficient deference to the decisions of school disciplinarians . . . . To that end, victims do not have a right to specific remedial measures." Zeno v. Pine Plains Cent. Sch. Dist., 702 F.3d 655, 666 (2d Cir. 2012) (cleaned up) (quoting Davis, 526 U.S. at 648).

Indeed, Plaintiff concedes "case law generally prohibits victims from demanding a Title IX remedy," Opp. at 4, and that she has *not* adequately pled the School was deliberately indifferent, Opp. at 5 n.8. Rather, she argues that the basis for her claim is a discriminatory policy or custom. Id. However, this argument fails because Plaintiff fails to identify any official policy of sex discrimination. Unlike the lone out-of-circuit case Plaintiff relies upon, Doe 1 v. Baylor Univ., 240 F. Supp. 3d 646 (W.D. Tex. 2017), Plaintiff does not allege that Mount Sinai knew of and permitted a "campus condition rife with sexual assault," that sexual assault was "rampant" on campus, and that Mount Sinai systematically mishandled and discouraged reports of sexual assault. Baylor Univ., 240 F. Supp. 3d at 661. On the contrary, it is undisputed that Mount Sinai timely responded to Plaintiff's report of sexual misconduct, conducted a full investigation, found John responsible for sexual assault, suspended him for nearly two years, and

issued a permanent no-contact order. See Br. at 3-5. Thus, even if the Second Circuit were to adopt Baylor's "official policy" reading of Title IX (which it has not), it would not be applicable to Plaintiff's case.

Moreover, Plaintiff's argument is contradicted by the core of her "hostile environment" claim, which is that, but for the intervention of instructors, she *almost* came into contact with John during a CPR class provided through a third-party vendor. See Opp. at 10. This allegation, even if true, falls well short of creating an environment so "severe, pervasive, and objectively offensive that it can be said to deprive [Jane] of access to the educational opportunities or benefits provided by the school," Davis, 526 U.S. at 650, particularly given the undisputed fact that the School, as part of its many sanctions against John, instituted a strict no-contact order that forbids John from being in contact with Plaintiff. Opp. at 10.[4]

Indeed, notwithstanding Plaintiff's effort to avoid the clear direction from Davis and Zeno that "victims do not have a right to specific remedial measures," Zeno, 702 F.3d at 666, it is evident from her Opposition Brief that is exactly what she is seeking in this case. At its core, Jane's legally deficient complaint is that Mount Sinai's failure to expel John violated Title IX.

### B. The Complaint Fails to Raise a Plausible Inference of Sex Discrimination

Additionally, Plaintiff concedes that her Title IX claims require allegations of discrimination or bias *based on sex*. See, e.g., Opp. at 8 ("Plaintiff must ultimately show that the defendant discriminated . . . because of sex; that the discrimination was intentional; and that discrimination was a 'substantial' or 'motivating factor' for the defendant's actions." (omission in original)). Nevertheless, she fails to allege any facts that would give rise to a plausible inference of sex discrimination. Plaintiff does not compare herself to a male complainant who

[4] Not surprisingly, Plaintiff does not cite any case in support of her proposal that schools should be held liable under Title IX if they permit a peer harasser from coming into "proximity" with a victim. Opp. at 10.

was treated differently,[5] point to any discriminatory statements by the School, or identify other evidence of sex discrimination. To the contrary, Plaintiff states in her Opposition Brief that it does not matter "[w]hether ISMMS only did this to Ms. Roe or to male students bringing sexual assault claims against a female student . . . ." Opp. at 9 n.10. In other words, Plaintiff is not even claiming that the School would have acted differently if the sexes of the individuals involved were reversed. This is fatal to her sex discrimination claims. As the court explained in Doe v. Stonehill Coll., Inc.,

> [P]rocedural errors are not inevitably a sign of sex bias … The challenge is to distinguish between proceedings plausibly affected by sex bias in violation of Title IX and proceedings whose alleged flaws are not attributable to sex bias. For example, other plausible reasons for procedural irregularities may include "ineptitude, inexperience, and *sex-neutral pro-complainant bias*." Doe v. Samford Univ., 29 F.4th 675 (11th Cir. 2022).

55 F.4th 302, 334 (1st Cir. 2022) (emphasis added) (internal citation omitted) (affirming dismissal of Title IX claim); accord St. John's Univ., 91 F.4th at 654 ("[P]rocedural errors are not inevitably a sign of sex bias."). Thus, even if *arguendo* the School should have expelled John under the Code, this would not constitute a violation of Title IX because by Plaintiff's own admission it would at most be evidence of bias in favor of allowing students (regardless of sex) to complete their degrees, not bias based on sex.

Plaintiff's allegation of sex discrimination boils down to the "patently defective [] pleading technique" of alleging "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at [school]; therefore the bad thing happened because I am (fill in the protected class)." Ochei v. Mary Manning Walsh Nursing Home Co., 2011 WL 744738, at *3 (S.D.N.Y. Mar. 1, 2011) (Title VII case discussing defective pleading techniques

[5] To the extent Plaintiff is trying to use John as her "comparator" to make a claim that males and females were treated differently, this fails because John, as the respondent in the underlying sexual misconduct matter, is plainly not in a similar position to Plaintiff, who was the complainant. See St. John's Univ., 91 F.4th at 660 (a similarly situated member of the opposite sex is a "member[] of the opposite sex facing comparable disciplinary charges").

arising under "federal and local antidiscrimination statutes"). "[T]he Second Circuit and other courts of appeal have repeatedly stated, this is a false syllogism, one that does not support any inference of discrimination." Id. (citing Grillo v. N.Y. City Transit Auth., 291 F.3d 231 (2d Cir. 2002)).[6]

### C. Plaintiff's Semantic Distinction Between "Exceptional Circumstances" and "*Ad Hoc* Factors" Is Not Grounds for A Sex Discrimination Claim

Plaintiff is also wrong that the Code required Mount Sinai to expel John. As Mount Sinai explained in its Opening Brief, the School has an 84-page Sexual Misconduct Policy that sets forth detailed policies and procedures relating to allegations of sexual misconduct. The Sexual Misconduct Policy is incorporated into the School's Code of Conduct and empowers a Hearing Panel to "impose what they believe to be the appropriate sanctions and/or remedial actions following a determination that the ISMMS Sexual Misconduct Policy was violated." Br. at 3. The four-page Code of Conduct's sole reference to sexual assault is that a variety of infractions, including sexual assault, "will result in dismissal from the School of Medicine absent exceptional circumstances." Id.

With regard to Jane's complaint against John, the School complied with both the Sexual Misconduct Policy and the Code of Conduct by conducting a thorough investigation of her

---

[6] The absence of allegations giving rise to a plausible inference of gender bias mandates dismissal of all six of Plaintiff's sex discrimination claims, regardless of how they are labeled in the Complaint. See Br. at 8, 18-19 (demonstrating that sex discrimination is an essential element of Title IX, NYSHRL, and NYCHRL claims). In addition, Plaintiff's *erroneous outcome* claim fails because such claims can only be brought when an accused student claims innocence, not when a complainant like Plaintiff disagrees with the school's sanctions. See Br. at 9. Plaintiff not only fails to distinguish the case law on this point, but also cites an additional case that supports Mount Sinai's position. See Opp. at 7 n.9 (citing Roe v. Pa. State Univ., 2019 WL 652527, at *10 (E.D. Pa. Feb. 15, 2019)). Plaintiff similarly fails to refute Mount Sinai's argument that her selective enforcement claim should be dismissed because she fails to identify a similarly situated member of the opposite sex. Plaintiff's argument that a recent S.D.N.Y. case gets the standard wrong, Opp. at 9 n.10, ignores the Second Circuit's recent decision in Roe v. St. John's Univ., 91 F.4th 643, 660 (2d Cir. 2024), which states approvingly that "courts in this circuit have consistently dismissed selective enforcement claims absent allegations that a school treated similarly situated members of the opposite sex—that is, member of the opposite sex facing comparable disciplinary charges—differently," citing the same District Court opinion that Plaintiff criticizes.

complaint, holding a hearing, and issuing a written decision that articulates the reasoning behind the Hearing Panel's decision to suspend, rather than expel John. See Ex. A at 19-20. Furthermore, the panel that considered Jane's appeal (and John's cross-appeal) affirmed that the circumstances warranted an exception to dismissal. See Ex. B at 5.

Plaintiff's characterization of these reasons as "*ad hoc* factors" rather than "exceptional circumstances" is simply a semantic distinction that does not give rise to a plausible inference of discrimination.[7] Opp. at 5-8, 13. Accepting Plaintiff's argument would require courts to invent and enforce a list of 'acceptable' exceptional circumstances that the Code itself deliberately does not define. Indeed, Plaintiff concedes that neither Code/Policy defines what constitutes "exceptional circumstances," which necessarily leaves the School discretion as to when the exception should be applied. Tellingly, Jane argues only that the School "did not *frame* its original decision as meeting 'exceptional circumstances,'" see Opp. at n.4, but does not (and could not) claim that the Hearing Decision, which addressed numerous circumstances that weighed against expulsion, and the Appeals Decision—which *explicitly* framed its decision as a consideration of exceptional circumstances—did not articulate a rationale for the School's decision not to expel John.

## II. PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

### A. Plaintiff's State Law Claims Are Time-Barred

Plaintiff acknowledges that if she were seeking anything other than monetary relief, her state law claims would have to be brought through an Article 78 proceeding and therefore would be time-barred. See Opp. at 14 ("By and through her Complaint, Ms. Roe only seeks damages for ISMMS's breach of contract *to avoid any issue under Article 78*." (emphasis added)).

---

[7] As explained above, even if Plaintiff were correct that the School made an error, this would not be sufficient to state a claim under Title IX. See *supra,* I.B.

However, Plaintiff's naked attempt to avoid the four-month statute of limitations fails for the reasons stated in the School's Opening Brief. Br. at 16-18.

In short, New York courts look to the gravamen of a complaint to determine whether it should have been brought through an Article 78 proceeding, not the way in which a plaintiff styles them. Because Jane's Complaint is focused on the sanction the School imposed on John and the allegedly hostile environment she claims she currently faces because of that sanction, Plaintiff is clearly challenging Mount Sinai's underlying decision not to expel John. Plaintiff's claim that she is seeking only damages, not a change to the sanction, contradicts her allegations of an "ongoing" barrier to her educational access, see, e.g. Opp. at 8 (arguing the School is subjecting Plaintiff "to the sexually hostile environment resulting from John Doe's ongoing proximity to her on campus"); id. at 10 (arguing the School is creating an "ongoing hostile learning environment by allowing Mr. Doe's proximity"), and the Complaint's request for "all other and further relief as justice may require." Complaint ¶ 139. If damages alone were sufficient, Plaintiff's alleged injury would be complete; her own pleadings show she seeks to alter ongoing conditions—specifically John's return to campus.

**B. Plaintiff Ignores the Deficiencies in Her Other State Law Claims**

In its Opening Brief, the School points out many deficiencies in Plaintiff's kitchen-sink state law claims. Plaintiff's Opposition Brief fails to address those deficiencies, and accordingly, these claims should also be dismissed with prejudice if the Court reaches their merits.[8]

First, Plaintiffs' NYCHRL and NYSHRL claims should be dismissed for failure to allege gender bias, which is fatal to those claims, just as it is fatal to Plaintiff's Title IX claims, discussed above. See Doe v. New York Univ., No. 20-cv-1343, 2023 WL 5293688, at *6

---

[8] Because Plaintiff's Opposition Brief does not even address her IIED claim, it should be deemed abandoned.

(S.D.N.Y. Aug. 17, 2023) (granting summary judgment to defendant due to failure to show gender bias and finding, that "Plaintiff's NYCHRL claim is 'indistinguishable from' his Title IX claims" (citation omitted)), aff'd, 2024 WL 4834965 (2d Cir. Nov. 20, 2024).

Second, Plaintiff's claims under New York General Business Law 349 and 350 should also be dismissed for failure to plead any consumer-oriented conduct, any conduct that is materially misleading, or any injury suffered as a result of said conduct. Plaintiff only argues that the Code is made public by "applicable state and federal mandates," not that it is "consumer-oriented." Opp. at 17. If anything, that is only regulator-oriented conduct; it is not plausible that applicants to the School review the Code in connection with their decision to enroll. Moreover, the Code was not materially misleading because Plaintiff must "plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." Sarr v. BEF Foods, Inc., No. 18-cv-6409, 2020 WL 729883, at *3 (E.D.N.Y. Feb. 13, 2020) (internal quotation marks and citation omitted). Plaintiff "must do more than plausibly allege that [the Code] might conceivably be misunderstood by some few customers," id., but she does not even do that. A reasonable person reviewing the Code would understand that the School has discretion to impose a less severe sanction under certain circumstances—that is the entire point of the "exceptional circumstances" language in the first place. Plaintiff cannot plead she suffered any injury, as well.

Third, Plaintiff's breach of contract and promissory estoppel claims each fail for a reason that is dispositive as to all of Plaintiff's claims: It is incorrect to assert that the School "fail[ed] to apply its self-imposed default sexual assault sanction standards," Opp. at 15, as the Code did not impose any default sanction—the School retained the ability to exercise its discretion in its

application of the "exceptional circumstances" language. As a result, Plaintiff does not allege any breach of contract or, in the alternative, any "breach [of] its promises." Opp. at 16.

Finally, even if the Court does not find that the state law claims should be dismissed as time-barred or on the merits, the Court should decline to exercise supplemental jurisdiction over these claims. See Doe v. New York Univ., 438 F. Supp. 3d 172, 186 (S.D.N.Y. 2020) (Carter, J.) ("Since the Court finds Plaintiff's only federal claim . . . under Title IX [] should be dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims.")

## III. LEAVE TO AMEND SHOULD BE DENIED

Plaintiff's cursory request for leave to amend should be denied. Plaintiff elected to oppose the Motion to Dismiss on the merits rather than seek leave to amend. However, under this Court's Individual Practices, where a party chooses to oppose a motion to dismiss rather than amend, leave to amend is unlikely absent a showing of good cause. See Individual Practices of Hon. Andrew L. Carter, § 2(D)(ii). Plaintiff offers no proposed amended complaint, identifies no additional facts she could plead, and provides no explanation as to how amendment would cure the fundamental legal deficiencies discussed above. Indeed, Plaintiff has "provided no reason to think that an amended complaint would fare any better," and courts routinely deny leave to amend under those circumstances as futile. See Hunley v. DTLR Villa, Inc., 602 F. Supp. 3d 424, 428 (W.D.N.Y. 2022). Because the defects in Plaintiff's Complaint are legal rather than factual, amendment would be futile and dismissal should be with prejudice.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint should be dismissed in its entirety *with prejudice*.

January 27, 2026

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: /s/ *Jeffrey P. Metzler*

Jeffrey P. Metzler
Max A. Winograd
31 West 52nd Street
New York, NY 10019-6131
Phone: 212.858.1000
Fax: 212.858.1500
jeffrey.metzler@pillsburylaw.com
max.winograd@pillsburylaw.com

*Attorneys for Defendant*

**WORD CERTIFICATION**

I hereby certify that the word count of this reply brief complies with the word limits of Rule 7.1 of the Local Rules of the United States District courts for the Southern and Eastern District of New York. According to the word-processing system used to prepare this memorandum of law, the total word count is 3,376 words.

*/s/ Jeffrey P. Metzler*
Jeffrey P. Metzler